## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Charles W.,**
**Petitioner Below, Petitioner**

**FILED**

June 6, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 13-1220** (Wayne County 01-D-395)

**Siddy W.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles W.,[1] appearing *pro se*, appeals the November 5, 2013, order of the Circuit Court of Wayne County that, in pertinent part, reversed an August 29, 2013, order of the Family Court of Wayne County to increase respondent's award of monthly spousal support to $2,015.60. Respondent Siddy W., appearing *pro se*, filed a response.[2] Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed and this case is remanded to the family court with directions to: (1) recalculate petitioner's tax liability with detailed findings supporting the recalculation; (2) include profits from petitioner's closely held corporation in his income with detailed findings supporting the amount included, and (3) make detailed findings as to what has been the consistent interpretation of the controlling July 1, 2003,

---

[1] "We follow our past practice in juvenile and domestic relations cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. West Virginia Dept. of Human Services* v. *Cheryl M,* 177 W.Va. 688, 689 n. 1, 356 S.E.2d 181, 182 n. 1 (1987).

[2] Respondent also filed a motion to file a supplemental appendix. Reading respondent's motion together with her brief, this Court finds that respondent moves to dismiss petitioner's appeal or, in the alternative, to file a supplemental appendix for petitioner's failure to give respondent ten days to serve petitioner with a list of additional parts of the record she wished to be included in the appendix. *See* Rule 7(e), W.V.R.A.P. After careful consideration of the motion and petitioner's response thereto, the Court denies respondent's motion to dismiss the appeal, but grants respondent leave to file a supplemental appendix. Accordingly, respondent's supplemental appendix is ordered filed. This Court notes that because respondent includes petitioner's sensitive financial information in the supplemental appendix, those portions of the appendix are deemed confidential pursuant to Rule 40(e)(4) of the West Virginia Rules of Appellate Procedure. Petitioner's sensitive financial information is already deemed confidential in the lower courts because the circuit court affirmed the family court's order in that regard.

order as to whether petitioner's expenses are relevant to calculating the amount of respondent's spousal support.

The parties are divorced, and respondent has been awarded permanent spousal support. On July 18, 2013, respondent filed an amended petition to modify the amount of her spousal support, previously set at $1,200 per month. Pursuant to a July 1, 2003, order of the family court, the amount of respondent's spousal support was capped at "one-half of the Petitioner's net income."

Following an August 19, 2013 hearing, the family court increased respondent's spousal support from $1,200 to $1,686 per month. The family court found that respondent's list of expenses totaled $4,006 per month. The family court concluded that this constituted a "wish list." After considering the list of expenses in light of respondent's testimony, the family court found that respondent's financial need was $2,555 per month. However, the family court denied any additional increase above $1,686. The family court found that petitioner's monthly gross income was $4,705 and that petitioner had his own living expenses. The family court determined that petitioner's monthly net income was $3,947 after considering both his second (part-time) job and his annual tax liability. The family court noted that it "used a figure of 24%" for petitioner's tax liability without explaining how it arrived at the figure.

The family court ordered that the increase to $1,686 per month in respondent's spousal support was effective August 1, 2013. In awarding respondent $1,686 per month, the family court did not award her one-half of petitioner's monthly net income,[3] which was the maximum amount allowed by the controlling July 1, 2003, order.

Respondent appealed the family court's August 29, 2013, order setting her spousal support at $1,686 per month to the circuit court. The circuit court found that the 24% figure the family court used for petitioner's tax liability constituted an abuse of discretion because the figure was only an estimation. After considering petitioner's tax returns for the years 2011 and 2012, as well as his year-to-date income for 2013, the circuit court calculated petitioner's tax liability at 14.36695%.[4] Applying the 14.36695% figure for petitioner's taxes to his monthly gross income,[5] the circuit court found that petitioner pays $676.33 per month in taxes and, accordingly, that petitioner's monthly net income was $4,031.21. The circuit court accepted the family court's figure $2,555 per month as representing respondent's financial need, but noted that this figure

[3] According to the family court's calculations, one-half of petitioner's net income would have been 1,973.50.

[4] The circuit court expressed petitioner's tax liability as a decimal fraction. However, because both the family court and the parties expressed figures as percentages, this Court adopts their practice.

[5] The circuit court and the family court essentially agreed as to the amount of petitioner's monthly gross income. The family court calculated petitioner's monthly gross income as $4,705, and the circuit court calculated it as $4,707.54. To the extent that the two figures are different, the significance will be discussed *infra*.

exceeded one-half petitioner's monthly net income. Accordingly, the circuit court concluded that respondent was entitled to one-half of petitioner's monthly net income: $2,015.60.[6] The circuit court made its award of $2.015.60 per month in spousal support effective from July 18, 2013—the date of respondent's amended petition—and found the family court erred in setting the effective date as August 1, 2013. *See* Rule 23, W.V.R.Prac.Proc.Fam.Cts. Petitioner now appeals the circuit court's November 5, 2013, order that set respondent's monthly spousal support at $2,015.60.

West Virginia Code § 51–2A–14(c) provides that "[t]he circuit court shall review the findings of fact made by the family court judge under the clearly erroneous standard and shall review the application of law to the facts under an abuse of discretion standard." Likewise,

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*

Syllabus, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). In addition, in family law cases, orders must be sufficient to indicate the factual and legal bases on which the lower courts ruled so as to facilitate meaningful appellate review. *See Province v. Province*, 196 W.Va. 473, 483, 473 S.E.2d 894, 904 (1996). Accordingly, "[w]here the lower tribunals fail to meet this standard—*i.e.* making only general, conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development." *Id.* (Footnote omitted.).

On appeal, petitioner argues that the amount of spousal support the family court awarded to respondent, $1,686 per month, should be reinstated.[7] Petitioner asserts that in setting spousal support at $2,015.60 per month, the circuit court considered only his federal withholding taxes in its calculation of his tax liability. Petitioner asserts that the circuit court failed to consider his state income taxes, his social security tax, and his Medicare taxes. Petitioner argues that if these taxes are considered, his tax liability totals 27.15%. Respondent counters that because petitioner files taxes jointly with his present wife, only one-half of the claimed tax liability should be attributed to him.

This Court notes that the circuit court concluded that the family court's use of 24% to represent petitioner's tax liability was an abuse of discretion because the circuit court found that the 24% figure was an estimation. From a review of the family court's order, the family court did

---

[6] In awarding respondent one-half of petitioner's monthly net income, the circuit court did not take into account petitioner's living expenses, while the family court had done so in making its award. The relevance of petitioner's expenses to calculating the amount of respondent's spousal support will be discussed *infra.*

[7] Petitioner assigns no error to the circuit court's decision to make the current award of spousal support effective from the date of respondent's amended petition.

not explain how it arrived at the 24% figure. Thus, this Court finds that it cannot determine whether the family court's use of the 24% figure was an estimation.

We further find that we cannot determine whether the circuit court's decision to award $2,015.60 per month in respondent's spousal support is correct. In making its award, the circuit court essentially agreed with the family court as to the amount of petitioner's monthly gross income. The circuit court's figure was only $2.54 more. This is somewhat peculiar because the circuit court determined that the family court committed legal error in not attributing profits from petitioner's closely held corporation as income to him. *See Signorelli v. Signorelli*, 189 W.Va. 710, 717 n. 9, 434 S.E.2d 382, 389 n. 9 (1993). This is important because, although respondent is not cross-appealing, if petitioner's monthly gross (and net) income is more than what the circuit court calculated, it would undermine petitioner's argument that the lower amount of spousal support awarded by the family court should be reinstated in lieu of the amount granted by the circuit court, which is the maximum amount allowed by the controlling July 1, 2003, order.

Evidently, the circuit court accepted petitioner's representation that the corporation was operating at a loss of more than $27,000 for 2013. However, the circuit court committed the same error it found that the family court committed with the 24% figure discussed above: The circuit court credited petitioner's representation without explaining why it was doing so. Rather, the circuit court merely stated that petitioner based his allegation on the corporation's records and that "[a]ll of this evidence is part of the record and was used by this Court in the decision on appeal." Therefore, this Court concludes that neither the circuit court's order nor the family court's order allows for meaningful appellate review.

This Court finds that this case alludes meaningful appellate review for one additional reason. In its order, the circuit court was not clear as to whether it agreed with the family court that petitioner's expenses are relevant to calculating the amount of respondent's spousal support. Unlike the family court, the circuit court did not take into account petitioner's living expenses and also, at times, appeared to agree with respondent's position that she was always *entitled* to one-half of petitioner's monthly net income as long as she had financial need for that amount of support. On the other hand, the circuit court also stated that it "disagree[d]" with respondent's interpretation of the July 1, 2003, order. This is important because whether petitioner's expenses should be considered affects whether the circuit court was correct in finding that respondent was entitled to an amount equal to one-half of petitioner's monthly net income.

For the foregoing reasons, we reverse the November 5, 2013, order of the Circuit Court of Wayne County and remand this case to the Family Court of Wayne County with directions to: (1) recalculate petitioner's tax liability with detailed findings supporting the recalculation; (2) include profits from petitioner's closely held corporation in his income with detailed findings supporting the amount included, and (3) make detailed findings as to what has been the consistent interpretation of the controlling July 1, 2003, order as to whether petitioner's expenses are relevant to calculating the amount of respondent's spousal support.

Reversed and Remanded with Directions.

4

**ISSUED:** June 6, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II